# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**DA VONTE LOVE,**

    **Plaintiff,**

    v.                                                                                 Case No. 11–CV-867

**DAVID A. CLARKE, JR., LT. HOMES,**
**and UNKNOWN, Sued as Unknown Nurses,**

    **Defendants.**

## ORDER

Plaintiff, who is incarcerated at the Milwaukee County Correctional Facility, filed a pro se complaint under 42 U.S.C. § 1983. This matter comes before the court on plaintiff's petition to proceed in forma pauperis. He has been assessed and paid an initial partial filing fee of $1.00.

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989); Hutchinson ex rel. Baker v. Spink, 126 F.3d 895, 900 (7th Cir. 1997). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully

construed as intended to harass." Lindell v. McCallum, 352 F.3d 1107, 1109-10 (7th Cir. 2003) (citations omitted).

To state a cognizable claim under the federal notice pleading system, plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in Twombly by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Iqbal, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. Id. If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. Buchanan-Moore v. County of Milwaukee, 570 F.3d 824, 827 (7th Cir. 2009) (citing Kramer v. Village of North Fond du Lac, 384 F.3d 856, 861 (7th Cir. 2004)); see also Gomez v. Toledo, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that while housed at the Milwaukee County Correctional Facility - South ("Jail"), in Franklin, Wisconsin, he experienced mental issues and received medication. After distributing medication, the Jail nurses ordered plaintiff to stick his fingers in his mouth for a medication search. Some nurses even tried to stick "this nasty unsealed medical wooden tool" in plaintiff's mouth or ordered him to kneel down so the nurse could examine his mouth. Plaintiff filed a grievance based on this conduct. However, Lieutenant Homes responded that the nurses were doing their jobs.

Plaintiff claims the nurses went too far and their job is to hand out medication, not play the role of officer and examine inmates' mouths. According to plaintiff, Sheriff David Clarke and Lieutenant Homes allow this misconduct to continue and plaintiff has to go without medication at times. For relief, plaintiff seeks a financial settlement.

Plaintiff does not challenge the Jail's practice of inspecting inmates' mouths to ensure they swallow medication, but rather the person conducting the inspection. (I note that a challenge to the practice itself would fail because such inspections serve an obvious security need in jails and prisons.) However, there is no basis for a claim based on who conducts

3

the inspection. Finally, plaintiff's vague allegation that he has to go without medication is undeveloped and it is not clear how it relates to his underlying claim.

Plaintiff has provided no arguable basis for relief, having failed to make any rational argument in law or fact to support his claims. See House v. Belford, 956 F.2d 711, 720 (7th Cir. 1992) (quoting Williams v. Faulkner, 837 F.2d 304, 308 (7th Cir. 1988), aff'd sub nom. Neitzke v. Williams, 490 U.S. 319 (1989)).

**IT IS THEREFORE ORDERED** that plaintiff's motion for leave to proceed in forma pauperis (Docket #2) be and hereby is **GRANTED**.

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) for failure to state a claim.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has brought an action that was dismissed for failure to state a claim under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the Milwaukee County Sheriff shall collect from the plaintiff's prison trust account the $349.00 balance of the filing fee by collecting monthly payments from plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS ALSO ORDERED** that copies of this order be sent to the Milwaukee County Sheriff and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857.

**I FURTHER CERTIFY** that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 8th day of December 2011.

s/\
LYNN ADELMAN\
District Judge